UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GABRIELLE JACOBS | ) | |
| & | ) | |
| JOSEPH JACOBS | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| CREDIT ONE FINANCIAL | ) | |
| SOLUTIONS LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1.  This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47
    U.S.C. 227 *et seq*; M.G.L. c. 93A *et seq*, the regulations promulgated thereunder, and all
    other applicable ancillary common law and state law causes of action.

### II.  JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, for the TCPA
    claims. *See Also* Mims v Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split
    between the Circuits and holding that Federal Jurisdiction does exist for private TCPA
    claims). Supplemental jurisdiction exists for all other claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and
    transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in

this district, and/or where Defendant transacts business in this district.

### III. PARTIES

4. Plaintiffs Gabrielle Jacobs and Joseph Jacobs are natural persons residing in Middlesex County, Massachusetts.

5. Plaintiff, Joseph Jacobs is a "Debtor" as defined by 940 CMR 7.03.

6. Defendant, Credit One Financial Solutions, LLC ("Credit One") is a Limited Liability Company created under the laws Delaware with a principal office located at 131 Continental Drive, 3rd Floor Newark, DE 19713.

7. Credit One has a registered agent in Massachusetts by the name of CT Corporation System, located at 155 Federal Street, Suite 700, Boston, MA 02110.

8. Defendant  is an entity who at all relevant times was engaged, by use of the phones, in the business of attempting to collect a "debt" from the Plaintiff, as defined by 940 CMR 7.03.

9. Defendant is a "creditor" as defined by 940 CMR 7.03.

### IV. FACTUAL ALLEGATIONS

10. Plaintiffs are natural people contacted by Defendant for the purposes of collecting a debt owed or allegedly owed to the Defendant.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempt to collects, directly or indirectly, debts owed or due, or asserted to be owed or due to the Defendant.

12. The Defendant is thoroughly enmeshed in the debt collection business.

13. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or once due to the Defendant, arises from a transaction in which the money, property, insurance, or

services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. The alleged debt was incurred for personal, family or household purposes.

15. Beginning in December of 2013, and continuing through to present, the Defendant placed telephone calls to the Plaintiff, Gabrielle Jacobs' cellular phone.

16. The Defendant called Mrs. Jacobs a minimum of three hundred times between December 21, 2013 and February 4, 2014.

17. The Defendant called Mrs. Jacobs up to ten times a day on several occasions.

18. The Defendant called Mrs. Jacobs consistently at least five times a day.

19. The Defendant called Mrs. Jacobs every day between December 21, 2013 and February 4, 2013, except for Christmas and New Year's Day.

20. On an average day the calls would begin a little before noon and continue nearly every hour until about 7 o'clock at night.

21. Exhibit A attached contains a record of every call made by the Defendant to the Plaintiff and is incorporated by reference herein.

22. When the Plaintiffs would pick up these calls they would often find that there was no one on the other end of the call.

23. Calls were disconnected upon the Plaintiff picking up the phone on the following dates and times:

      a.  1/3/2014 3:31pm;

      b.  1/8/2014 7:08pm;

      c.  1/10/2014 8:51pm;

      d.  1/16/2014 7:55pm;

  e. 1/20/2014 6:29pm;

  f. 1/24/2014 7:08pm;

  g. 2/4/2014 2:03pm and 2:46pm.

24. Upon information and good faith belief, Defendant used an automated, predictive or automatic telephone dialing system or telephone equipment to make such calls.

25. Upon information and good faith belief, Defendant used an artificial or pre-recorded voice to make such calls.

26. Defendant did not have Mrs. Jacobs consent to contact her cellular phone with an automated or automatic telephone dialing system.

27. In the alternative the Plaintiff revoked any arguable consent on December 28, 2013.

28. The Plaintiff called the Defendant at 2:24 on December 28 of 2013. The call lasted for 1 minute and thirty one seconds. During this call the Plaintiff revoked any arguable or alleged consent to receive calls at that number and informed the Defendant that the Plaintiffs have hired counsel.

29. Plaintiffs, through counsel, sent Defendant a M.G.L. c.93A demand letter on March 20, 2014.

30. Plaintiffs M.G.L. c.93A demand letter outlined the Plaintiffs' claims with particularity.

31. Defendant received said demand on or about March 24, 2014.

### V. CLAIMS FOR RELIEF

### COUNT I
### DEFENDANT'S VIOLATIONS OF 47 U.S.C. § 227

32. Plaintiffs repeat and re-allege each and every allegation contained herein as if fully stated within this count.

33. The TCPA makes it unlawful for any person to make a call using any automatic telephone

dialing system or an artificial or prerecorded voice: "(iii) to the telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(ii).

34. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

35. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

36. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." <u>Jerman v. Carlisle, McNellie, Rini, Kramer</u>, 130 S. Ct. 1605, 1612 (2010). <u>See also</u> <u>Kolstad v. American Dental Assn.</u>, 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

37. Here, Defendant has used an "automatic telephone dialing system" to call Mrs. Jacobs on her cellular telephone.

38. In the alternative Defendant has used a "predictive telephone dialing system" to call Mrs. Jacobs on her cellular telephone.

39. The Defendant used an "automatic dialing system" to contact Mrs. Jacobs on her cell phone in violation of the TCPA.

40. In the alternative Defendant used a "predictive dialing system" to contact Mrs. Jacobs on her cell phone in violation of the TCPA.

41. The Defendant did not have Plaintiff's consent to contact her cell phone.

42. The Defendant made these calls with careless or reckless disregard that their conduct violated the law.

43. The Defendant made at least three hundred of these calls to Mrs. Jacob's cell phone between December 21, 2013 and February 4, 2014.

44. The Defendant called Ms. Jacob's cell phone as outlined in Exhibit A.

WHEREFORE, Plaintiffs request this Honorable Court enter the following relief:

    a.   Adjudging that Defendant violated 47 U.S.C. § 227;

    b.   Awarding Plaintiff statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

    c.   Awarding Plaintiff triple damages for each phone call made because of willing violations of the statute pursuant to 47 U.S.C. § 227(b)(3);

    d.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e.   Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATIONS OF M.G.L. c.93A THROUGH
### VIOLATIONS OF 940 CMR 3.16

45. Plaintiffs repeat and re-allege each and every allegation contained herein, as if fully stated within this count.

46. "Without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c.93A §2 if:

         \*               \*               \*

(4) It violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other Federal consumer protection statutes within the purview of M.G.L. c. 93A § 2." 940 CMR 3.16.

47. As explained more fully above the Defendants violated 47 U.S.C. § 227 the "TCPA" through their numerous calls to Mrs. Jacob's cellular phone without her consent.

48. The TCPA is a consumer protection statute within the purview of M.G.L. c.93A §2.

WHEREFORE Plaintiffs request this Honorable Court enter the following relief:

    a. Adjudging that Defendant violated M.G.L. c. 93A;

    b. Adjudging that the Defendant's violations were willful or knowing;

    c. Awarding the Plaintiffs Treble damages as provided for by M.G.L. c.93A §9;

    d. Awarding the Plaintiffs Attorney's fees and costs as provided for by M.G.L c. 93A §9;

    e. Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT III</u>
## VIOLATIONS OF M.G.L. c.93A THROUGH VIOLATIONS OF 940 CMR 7.07

49. Plaintiffs repeat and re-allege each and every allegation contained herein, as if fully stated within this count.

50. Under 940 CMR 7.07(f) a creditor is prohibited from:

"Initiating a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his/her personal telephone number and two such communications in each 30 day period other than a debtor's residence, cellular telephone, or other telephone number provided by the debtor as his/ her personal telephone number..."

51. Here Defendant contacted Plaintiff, Gabrielle Jacobs regarding a debt allegedly owed by

Plaintiff, Joseph Jacobs.

52. Defendant contacted Gabrielle Jacobs' cellular phone in a continuous manner greatly exceeding the two communications in each 30 day period regulatory limit.

53. The Defendant contacted the Gabrielle Jacobs' cellular phone as outlined in Exhibit A.

WHEREFORE Plaintiffs request this Honorable Court enter the following relief:

      a. Adjudging that Defendant violated M.G.L. c. 93A;

      b. Adjudging that the Defendant's violations were willful or knowing;

      c. Awarding the Plaintiffs Treble damages as provided for by M.G.L. c.93A §9;

      d. Awarding the Plaintiffs' Attorney's fees and costs as provided for by M.G.L c. 93A §9;

      e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF M.G.L. c.93A THROUGH
## VIOLATIONS OF 940 CMR 7.05

54. Plaintiffs repeat and re-allege each and every allegation contained herein, as if fully stated within this count.

55. Under 940 CMR 7.05 a creditor may not: "[I]mply the fact of a debt, orally or in writing to persons who reside in the household of a debtor, other than the debtor." 940 CMR 7.05(2).

56. Here the Defendant made numerous phone calls to Mrs. Jacobs regarding a debt owed by Mr. Jacobs.

57. During these phone calls the Defendant implied the fact of the debt to Mrs. Jacobs.

58. Mrs. Jacobs resides in Mr. Jacobs' household.

59. The Defendants contacted Mrs. Jacobs' cell phone as outlined in Exhibit A.

WHEREFORE Plaintiffs request this Honorable Court enter the following relief:

a. Adjudging that Defendant violated M.G.L. c. 93A;

b. Adjudging that the Defendant's violations were willful or knowing;

c. Awarding the Plaintiffs Treble damages as provided for by M.G.L. c.93A §9;

d. Awarding the Plaintiffs' Attorney's fees and costs as provided for by M.G.L c. 93A §9;

e. Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT IV</u>
### DEFENDANT'S VIOLATIONS OF M.G.L. c. 93 §49(a)

60. Plaintiffs repeat and re-allege each and every allegation contained herein as if fully stated within this count.

61. The Defendant is a "creditor" under M.G.L. c. 93A §49.

62. M.G.L c. 93A §49 prohibits the following:

> "No one who is a creditor or an attorney for a creditor, or an assignee of a creditor of a natural person present or residing in Massachusetts who has incurred a debt primarily for personal, family or household purposes shall collect or attempt to collect such a debt in an unfair deceptive or reasonable manner."

63. M.G.L. c. 93A §49 goes on to describe the practices considered unfair or deceptive, including:

> "(a) The creditor communicates, threatens to communicate, or implies the fact of such debt or alleged debt to a person other than the person who might reasonably be expected to be liable therefor. . ."

64. Here, the defendant communicated regarding the debt with the Plaintiff, Mrs. Jacobs who was not liable for, or reasonably expected to be liable for the debt.

65. Failure to comply with M.G.L. c. 93A §49 constitutes an unfair or deceptive act or practice under M.G.L. c. 93A. M.G.L. c. 93A §49.

WHEREFORE the Plaintiffs request this Honorable Court enter the following relief:

a.  Adjudging that the Defendant violated M.G.L.§ 93A s. 49;

b.  Adjudging that the Defendant's violations were willful or knowing;

c.  Awarding the Plaintiffs Treble damages as provided for by M.G.L. c.93A §9;

d.  Awarding the Plaintiffs' Attorney's fees and costs as provided for by M.G.L c. 93A §9;

e.  Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT IV</u>
## DEFENDANT'S VIOLATIONS OF M.G.L. c. 93 s. 49(c)

66. Plaintiffs repeat and re-allege each and every allegation contained herein as if fully stated within this count.

67. M.G.L c. 93A §49 prohibits the following:

> "No one who is a creditor or an attorney for a creditor, or an assignee of a creditor of a natural person present or residing in Massachusetts who has incurred a debt primarily for personal, family or household purposes shall collect or attempt to collect such a debt in an unfair deceptive or reasonable manner."

68. M.G.L. c. 93A §49 goes on to describe the practices considered unfair or deceptive, including:

> "(c) The creditor communicates with the alleged debtor in such a manner as to harass or embarrass the alleged debtor, including but not limited to communication at an unreasonable hour, with unreasonable frequency, by threats of violence, by use of offensive language, or by threats of any action which the creditor in the usual course of business does not in fact take."

69. As explained in more detail above the Defendant contacted the Plaintiff a minimum of three hundred times between December 21, 2013 and February 4, 2014.

70. The Defendant called the Plaintiff Mrs. Jacobs up to ten times in a single day on several occasions.

71. The Defendant called the Plaintiff Mrs. Jacobs consistently at least five times each day.

72. The Defendant called the Plaintiff Mrs. Jacobs every day between December 21, 2013 and February 4, 2013, except for Christmas and New Year's Day.

73. The Defendant called the Plaintiff Mrs. Jacobs as outlined in Exhibit A.

74. Failure to comply with M.G.L. c. 93A §49 constitutes an unfair or deceptive act or practice under M.G.L. c. 93A. M.G.L. c. 93A §49.

WHEREFORE the Plaintiffs request this Honorable Court enter the following relief:

    a.   Adjudging that the Defendant violated M.G.L. c. 93A §49;

    b.   Adjudging that the Defendant's violations were willful or knowing;

    c.   Awarding the Plaintiffs Treble damages as provided for by M.G.L. c.93A §9;

    d.   Awarding the Plaintiffs' Attorney's fees and costs as provided for by M.G.L c. 93A §9.

## <u>COUNT IV</u>
## DEFENDANT'S INVASION OF PLAINTIFF'S PRIVACY

75. Plaintiffs repeat and re-allege each and every allegation contained herein as if fully stated within this count.

76. The Defendant invaded the peace and quiet enjoyment of Plaintiffs' home through the constant placing of phone calls to the Plaintiffs' cellular phone.

77. The Defendant without right or justification intruded upon the seclusion of the Plaintiffs.

78. The Defendant therefore invaded the privacy of the Plaintiffs.

79. Plaintiffs suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

80. Plaintiffs suffered physical ailments as a result of such distress including: loss of appetite, upset stomach, head ache, sleeplessness, etc.

WHEREFORE, Plaintiffs prays for relief, Judgment in his favor, and award of damages.

**JURY TRIAL REQUESTED**

November 4, 2014

Respectfully submitted,
GABRIELLE AND
JOSEPH JACOBS
By Their Attorneys

/s/ John F. Skinner
Atty. John F. Skinner, III
BBO: 676768
Skinner Rivard and Siekmann, PLLC
587 Union Street
Manchester, NH 03104
Tel: 603-622-8100
Fax: 888-912-1497
AttorneySkinner@gmail.com